**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Prime Healthcare ERISA Litigation* | Case No. 8:20-cv-01529-JLS (JDEx)<br><br>**STIPULATED PROTECTIVE ORDER** |

**I.   PURPOSES AND LIMITATIONS**

A.   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XVI(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**II.   GOOD CAUSE STATEMENT**

A.   Discovery in this action is likely to involve documents and information containing trade secrets, research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential

business or financial information, information regarding confidential business practices, or other confidential research, including but not limited to confidential information regarding investment scoring methodology, investment strategies, benchmarking of investment options, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**III.     DEFINITIONS**

   A.     <u>Action</u>: *In re Prime Healthcare ERISA Litigation*, Case No. 8:20-cv-01529-JLS.

   B.     <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

   C.     <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   D.     <u>"ATTORNEYS' EYES ONLY" Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that the

disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party. Attorneys' Eyes Only Information also includes information pertaining to any individual that would reasonably be deemed sensitive and private by such individual.

E. <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

F. <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

G. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I. <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.  Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.  Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.  Protected Data: refers to any information that a Party or Non-Party reasonably believes to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations.  Protected Data constitutes highly sensitive materials requiring special protection.  Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Biley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

N.  Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

O.  Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.  SCOPE**

A.  The protections conferred by this Stipulation and Order cover not only Protected Material and Protected Data (as defined above), but also (1) any information copied or extracted from Protected Material or Protected Data; (2) all copies, excerpts, summaries, or compilations of Protected Material or Protected Data; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material or Protected Data.

      B.     Any use of Protected Material or Protected Data at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material or Protected Data at trial.

## V.    DURATION

      A.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.    DESIGNATING PROTECTED MATERIAL

      A.     Exercise of Restraint and Care in Designating Material for Protection

           1.     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

           2.     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

           3.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that

Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. Manner and Timing of Designations

1. Except as otherwise provided in this Order (*see, e.g.*, Section VI B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

   a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "ATTORNEYS' EYES ONLY" (hereinafter "ATTORNEYS' EYES ONLY legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   b. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix

the "CONFIDENTIAL legend" or "ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    c.    For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  C.    Inadvertent Failure to Designate

    1.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  A.    Timing of Challenges

    1.    Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

  B.    Meet and Confer

    1.    The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

C.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A.  Basic Principles

1.  A Receiving Party may use Protected Material or Protected Data that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material or Protected Data may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XVII below.

2.  Protected Material and Protected Data must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.  Disclosure of "CONFIDENTIAL" Information or Items

1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.  The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.    The Court and its personnel;

e.    Court reporters and their staff;

f.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

 C. Disclosure of "ATTORNEYS' EYES ONLY" Information or Items

  1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

    a. Counsel for the Parties in this litigation and their respective staff;

    b. Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents or parties or affiliates of parties) who, prior to any disclosure of confidential information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    c. This Court and its personnel; and

    d. Any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

**IX. PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

 A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

  1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material and/or Protected Data may be affected.

B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

X. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material and/or Protected Data in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's such information, then the Party shall:

        1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        3.     Make the information requested available for inspection by the Non-Party, if requested.

    C.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material and/or Protected Data.

**XI.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

    A.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material or Protected Data to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material and/or Protected Data, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. DEPOSITIONS

A. All deposition testimony shall be treated as containing Protected Material and subject to this Order until thirty (30) days following receipt of the certified transcript by counsel for the Parties and, in the event of a third-party witness, counsel for the third party, except as necessary for the preparation of any errata form or signature by the deponent. In the event that any Party wishes testimony or information disclosed at a deposition to be treated as Protected Material thereafter, that Party shall designate such testimony or information as Protected Material by either notifying the other Party in writing, within thirty (30) calendar days following receipt of the certified transcript, or designating during the deposition the transcript or portions thereof as Protected Material, and specifying whether the information is to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Documents and things already designated as Protected Material and/or Protected Data which are used as Exhibits shall remain as such. If during a Court proceeding Protected Material and/or Protected Data is likely to be revealed, any Party may request that the proceeding be held in *camera*, consistent with the Local Rules. Any Party may designate the deposition testimony of any third-

party as Protected Material and/or Protected Data and the provisions of this Section may be invoked.

B. In the event that a Party seeks to question a witness at a deposition about Protected Material and/or Protected Data that the witness is not otherwise authorized to access under this Order (*e.g.*, material designated as "ATTORNEYS' EYES ONLY" that the witness is not authorized to access), the Party who wishes to disclose the Protected Material and/or Protected Data must first seek permission to do so from the Designating Party. Such permission shall not be unreasonably denied. However, if permission is denied, the Party seeking to disclose the Protected Material and/or Protected Data may present an application to the Court for leave to disclose such information to the witness at issue. In making such an application, the burden shall be on the requesting Party to demonstrate good cause for making the disclosure.

C. If counsel believes that any question or questions that will be put to a witness at deposition in this Action will disclose information designated as Protected Material and/or Protected Data, or if information designated as Protected Material or Protected Data will be used as an Exhibit at deposition, counsel shall advise opposing counsel of same in the course of the deposition, and the deposition (or protected portions thereof), shall be conducted in the presence of persons entitled under the terms of this Order to access the Protected Material and/or Protected Data at issue.

## XIV. NO WAIVER OF RIGHT TO APPROPRIATELY WITHHOLD OR REDACT

A. Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material and/or Protected Data or not, any information containing privileged material, or any other data protected from disclosure by State, Federal or foreign regulations.

B. The Parties agree that production of Protected Data information may require additional safeguards pursuant to Federal, State or foreign statutes, regulations

or privacy obligations, and will meet and confer to implement these safeguards if and when needed.

**XV.   INFORMATION SECURITY PROVISIONS**

    A.   Any person in possession of another Party's Protected Material and Protected Data shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Material and Protected Data, protect against any reasonably anticipated threats or hazards to the security of such Protected Material and Protected Data, and protect against unauthorized access to or use of such Protected Material and Protected Data.  To the extent a person or Party does not have an information security program, they may comply with this provision by having the Protected Material and Protected Data managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

    B.   If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material or Protected Data, the Receiving Party shall:

        (a) promptly provide written notice to the Designating Party of such breach;

        (b) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and

        (c) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.

    C.   If required by any judicial or governmental request, requirement or order to disclose Protected Material or Protected Data, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such

security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## XVI. MISCELLANEOUS

    A.    Right to Further Relief

        1.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    B.    Right to Assert Other Objections

        1.    By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    C.    Filing Protected Material or Protected Data

        1.    A Party that seeks to file under seal any Protected Material or Protected Data must comply with Civil Local Rule 79-5. Protected Material and Protected Data may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material and/or Protected Data at issue. If a Party's request to file Protected Material and/or Protected Data under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XVII. FINAL DISPOSITION

    A.    After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material and Protected Data to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" and "all Protected Data" includes all copies, abstracts, compilations, summaries, and any other format

reproducing or capturing any of the Protected Material and Protected Data. Whether the Protected Material and Protected Data is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material and/or Protected Data that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material or Protected Data. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material and/or Protected Data. Any such archival copies that contain or constitute Protected Material and/or Protected Data remain subject to this Protective Order as set forth in Section V.

      B.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| *s/ Kolin C. Tang* | *s/ Darren E. Nadel* |
| Kolin C. Tang (SBN 279834) | Darren E. Nadel (SBN 154417) |
| James E. Miller | Bradley J. Crowell (*admitted pro hac vice*) |
| James C. Shah | |
| SHEPHERD FINKELMAN MILLER & SHAH, LLP | LITTLER MENDELSON, P.C. |
| 1401 Dove Street, Suite 510 | 1900 16th Street, Suite 800 |
| Newport Beach, CA 92660 | Denver, CO 80202 |
| Telephone: (323) 510-4060 | Telephone: (303) 629-6200 |
| Facsimile: (866) 300-7367 | Facsimile: (303) 629-0200 |
| Email: ktang@sfmslaw.com | Email: dnadel@littler.com |
|        jemiller@millershah.com |        bcrowell@littler.com |
|        jcshah@millershah.com | |

*Attorney for Plaintiffs*

*s/ Mark K. Gyandoh*
Mark K. Gyandoh
Donald R. Reavey
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
      donr@capozziadler.com

*s/ Daniel L. Germain*
Daniel L. Germain (SBN
ROSMAN AND GERMAIN LLP
16311 Ventura Boulevard, Suite 1200
Encino, CA 91436
Telephone: 818.788.0877
Facsimile: 818.788.0885
Email: germain@lalawyer.com

Wesley E. Stockard
(*admitted pro hac vice*)
LITTLER MENDELSON, P.C.
wstockard@littler.com
3424 Peachtree Road, NE, Suite 1200
Atlanta, GA 30326
Telephone: 404.443.3502
Facsimile: 404.393.5353

Pamela S.C. Reynolds
(*admitted pro hac vice*)
LITTLER MENDELSON, P.C.
preynolds@littler.com
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Telephone: 585.203.3415
Facsimile: 585.486.1706

Sara Zimmerman
Bar No. 300549
LITTLER MENDELSON, P.C.
szimmerman@littler.com
18565 Jamboree Road, Suite 800
Irvine, CA 92612
Telephone: 949.705.3076
Facsimile: 949.724.1201

*Attorneys for Defendants*

PRIME HEALTHCARE SERVICES, INC., THE PRIME HEALTHCARE SERVICES, INC. 401(K) PLAN COMMITTEE, and THE ADMINISTRATIVE COMMITTEE OF THE PRIME HEALTCARE SERVICES, INC.

---

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: July 27, 2021

_____
HONORABLE JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [DATE] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

4853-1058-0979.1 / 057592-1233