DARREN E. NADEL, Bar No. 154417
dnadel@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.362.2861
Facsimile: 303.362.8230
[*additional counsel listed on signature page*]

*Attorneys for Defendants
Prime Healthcare Services, Inc. and the Prime
Healthcare Services, Inc. Benefits Committee*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Prime Healthcare ERISA Litigation* | Case No. 8:20-cv-1529-JLS (JDEx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE THE TESTIMONY OF, AND REPORT GENERATED BY, MARCIA S. WAGNER**<br><br>Hearing Date: December 15, 2023<br>Hearing Time: 10:30 a.m.<br>Judge: Josephine L. Staton |

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

DEFENDANTS' REPLY ISO MOTION
TO PRECLUDE WAGNER

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ...................................................................................... 1

II. ARGUMENT AND CITATION TO AUTHORITY ................................. 1

    A. Relevant Legal Standard ................................................................. 1

    B. Wagner's Opinion Should be Excluded Because Plaintiffs Have Not Demonstrated She Has Sufficient Support For The Conclusions Advanced in Her Report ........................................... 2

    C. Plaintiffs Have Not, And Cannot, Refute That Wagner Failed to Consider Critical Record Evidence Highly Relevant to Her Opinion ............................................................................................ 5

    D. Wagner's Expert "Opinion" Should Be Excluded as an Improper Attempt to Have an "Expert" Advance Plaintiffs' Version of a Factual Narrative And Subvert The Court's Role as Factfinder by Testifying as to a Legal Conclusion ................................................ 8

III. CONCLUSION ........................................................................................... 8

LITTLER MENDELSON, P.C.
375 Woodcliff Drive
Suite 2D
Fairport, NY  14450
585.203.3400

i

DEFENDANTS' REPLY ISO MOTION
TO PRECLUDE WAGNER

# TABLE OF AUTHORITIES

Page

**Cases**

*Arjangrad v. JPMorgan Chase Bank, N.A.*,
No. 10-01157, 2012 WL 1890372 (D. Ore. May 23, 2012).................................4

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
43 F.3d 1311 (9th Cir. 1995) ...........................................................................2, 3

*Geo. M. Martin. Co. v. Alliance Machine Systems Intern., LLC*,
No. 07-00692, 2008 WL 2008638 (N.D. Cal. May 6, 2008) ..............................6

*In re Incretin-Based Therapies Prod. Liab. Litig.*,
524 F. Supp. 3d 1007 (S.D. Cal. 2021) ...........................................................6, 7

*In re Incretin-Based Therapies Prod. Liab. Litig.*,
No. 21-55342, 2022 WL 898595 (9th Cir. Mar. 28, 2022) .................................2

*Lauderdale v. NFP Ret., Inc.*,
No. 21-cv-00301, 2022 WL 17324416 (C.D. Cal. Nov. 17, 2022).....................5

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*
(No. II) ................................................................................................................6

*In re Lipitor*,
892 F.3d at 634 .................................................................................................6, 7

*Munro v. Univ. of S. California*,
No. 16-cv-06191, 2022 WL 16955481 (C.D. Cal. Nov. 1, 2022).......................2

*In re Omnicom Grp. Inc. Erisa Litig.*,
No. 20-cv-4141, 2022 WL 18674830 (S.D.N.Y. Dec. 23, 2022) .......................5

*Pledger v. Reliance Trust Co.*,
No. 15-444, 2019 WL 4439606, – 16 (N.D. Ga. Feb. 25, 2019) ........................3

*Powell v. Anheuser-Busch Inc.*,
No. 09-729-JFW, 2012 WL 12953439 (C.D. Cal. Sep. 24, 2012)...................1, 3

LITTLER MENDELSON, P.C.
375 Woodcliff Drive
Suite 2D
Fairport, NY 14450
585.203.3400

ii

DEFENDANTS' REPLY ISO MOTION
TO PRECLUDE WAGNER

# TABLE OF AUTHORITIES
(continued)

Page

*Sacerdote v. N.Y. Univ.*,
 S.D.N.Y. Case No. 1:16-cv-06284-KBF ............................................................... 8

*Sardis v. Overhead Door Corp.*,
 10 F. 4th 268 (4th Cir. 2021) .............................................................................. 2

*Therasense, Inc. v. Becton, Dickinson & Co.*,
 No. 04-02123, 2008 WL 2323856 (N.D. Cal. May 22, 2008) ............................ 6

*United States v. Hermanek*,
 289 F.3d 1076 (9th Cir. 2002) ............................................................................ 3

**Statutes**

ERISA .................................................................................................................*passim*

**Other Authorities**

Federal Rules of Evidence, Rule 104(a) ............................................................... 1, 2

Federal Rules of Evidence, Rule 702 ................................................................ 1, 2, 5

>

## I. INTRODUCTION

Plaintiffs' opposition to the Motion to Preclude the Testimony of, and Report Generated by, Marcia S. Wagner (the "Motion" (Doc. 128)) filed by Defendants Prime Healthcare, Inc. ("Prime") and the Prime Benefits Committee (the "Committee") fails to refute Defendants' bases for excluding Wagner as an expert in this matter. As set forth in Defendants' Motion, Wagner's report and testimony should be excluded because she does not provide *any substantiation* for the alleged experience on which she bases the specific opinions she advances in this litigation. Further, Wagner failed to review critical record evidence that is highly and directly relevant to the exact topics on which she opines. Wagner even admitted she did not ask Plaintiffs' counsel for relevant evidence, even though she testified she would have "love[d] to see" the relevant evidence she did not review. Moreover, the factual narrative set forth in Wagner's report is inappropriate, particularly given her incomplete and negligent review of the record evidence and failure to substantiate any of her opinions with any support. For all of these reasons, Wagner's opinions and testimony should be excluded, and Plaintiffs do not provide a basis for a different conclusion.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Relevant Legal Standard

Expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements of Rule 702. *See Powell v. Anheuser-Busch Inc.*, No. 09-729-JFW, 2012 WL 12953439 (C.D. Cal. Sep. 24, 2012) (citing Rule 702 Advisory Committee's Note).The 2023 Advisory Committee Notes clarified that admissibility of expert evidence is an essential determination, and ***though "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility[,] [t]hese rulings are an incorrect application of Rules 702 and 104(a)."*** The Advisory Committee

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

Notes also clarify that "[t]he Rule 104(a) standard … does not permit the expert to make claims that are unsupported by the expert's basis and methodology."

Plaintiffs ignore the enumerated purpose of the 2023 Amendment to Rule 702,[1] as evidenced by their dismissal of the Fourth Circuit's decision in *Sardis v. Overhead Door Corp.*, 10 F. 4th 268 (4th Cir. 2021), which applies Rule 702 in the precise manner the Advisory Committee states it should be applied. (Doc. 160 at 12; *see* Doc. 128-1 at 14). Indeed, the Ninth Circuit has also recently embraced the Advisory Committee's instructed approach to application of Rule 702, affirming a district court's decision to exclude an expert opinion that advanced "conclusions [that] were … mere subjective beliefs or unsupported speculation." *See In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 21-55342, 2022 WL 898595, at *1-2 (9th Cir. Mar. 28, 2022) ("*Incretin II*") (citing *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994)).

Proper application of Rule 702, as directed by the Advisory Committee and endorsed by this Circuit, requires scrutiny of Wagner's bases for her opinions and methodology used to arrive at those opinions to determine admissibility, which here, leads to the conclusion that her opinion and testimony should be excluded.

### B. Wagner's Opinion Should be Excluded Because Plaintiffs Have Not Demonstrated She Has Sufficient Support For The Conclusions Advanced in Her Report

Plaintiffs have not established that Wagner has sufficient (or any) experience to opine on the specific opinions she advances in this litigation. Plaintiffs argue that Wagner has an appropriate basis for her "expert" opinions by pointing to her amorphous

---

[1] For example, Plaintiffs quote *Munro v. Univ. of S. California* for the proposition that "[d]isputes as to the strength of an expert's credentials, faults in his use of a particular methodology, or lack of textual authority for his opinion, go to the weight of, not the admissibility, of his testimony." (*See* Doc. 160 at 12 (quoting *Munro v. Univ. of S. California*, No. 16-cv-06191, 2022 WL 16955481 at *3 (C.D. Cal. Nov. 1, 2022)). This is the ***exact approach*** that the Advisory Committee stated was an incorrect application of Rule 702 when that rule was recently amended. Plaintiffs' reference to *Munro* is also misleading. The Court in *Munro* went on to state that "[n]othing in either *Daubert* or the Federal Rules of Evidence require the admission of opinion evidence connected to existing data 'only by the ipse dixit of the expert.'" *Munro*, 2022 WL 16955481 (granting motions to exclude two of the plaintiffs' experts).

2 — DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

and general experience as an attorney, and that she has been an expert in other cases. But Plaintiffs' opposition misses the mark and fails to demonstrate how Wagner's undisclosed experience supports her specific conclusions. An expert who relies on their own experience as a basis for the conclusions they proffer "must explain how that experience **leads to the conclusion reached**, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Powell*, 2012 WL 12953439 (citing Rule 702 (Committee Notes on Rules – 2000 Amendment)) (emphasis added). As the Ninth Circuit found in its seminal case on admissibility of expert testimony, presentation of "only the experts' qualifications, their conclusions and their assurances of reliability . . . [is] not enough." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995).

Here, Plaintiffs and Wagner expect the Court to do exactly that – take her word for it. Wagner and Plaintiffs rely on Wagner's experience as an employee benefits attorney but do nothing to explain how that experience is sufficient, or connected in any way, **to her opinions in this case**. Accordingly, the Court is unable to analyze whether this undisclosed experience can be relied upon with respect to the particular facts of this case. As noted in Defendants' Motion, Wagner refuses to provide **any** specifics regarding her experience based on claims of attorney-client privilege, making it impossible for the Court or Defendants to determine if her experience is sufficiently reliable. (Doc. 128-1 at 16). Further, that other courts may not have excluded Wagner's testimony is of no consequence in this case. While other cases may have involved claims of breach of fiduciary duty under ERISA, they each involve particular facts and circumstances that differ. Plaintiffs must show how Wagner's experience renders her an expert **with respect to the particular opinions she offers under the circumstances of this case**, and they have not done so. *See United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) (holding expert "must establish that reliance principles and methods underlie **the particular conclusions offered**.") (emphasis added); *see also Pledger v. Reliance Trust Co.*, No. 15-444, 2019 WL 4439606, at *15 – 16 (N.D. Ga.

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

3

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

Feb. 25, 2019) (excluding Michael Geist as expert because his experience did not support specific conclusions offered).

Nor do Plaintiffs or Wagner point to any publications or other public authorities that would otherwise support her conclusions in this case. Plaintiffs claim that an expert is not required to review "every single study that exists," but this completely misses the point. Here, Wagner relies almost entirely on unknown experience for the principles she espouses in her report. The scant materials she does reference merely recite basic fiduciary duties under ERISA; they do not set out any of the specific duties Wagner claims the Committee in this case should have carried out.

For her specific conclusions criticizing the Committee, Wagner relies solely on her experience, without providing any basis for applying her experience to the facts of this case. Such unsupported testimony is proper for exclusion. *See Arjangrad v. JPMorgan Chase Bank, N.A.*, No. 10-01157, 2012 WL 1890372 (D. Ore. May 23, 2012) (excluding expert who claimed they had experience on general practices because of "extensive experience as a defense attorney" because expert did "not offer any personal observations or data gathered from his experience demonstrating that large companies actually adhere to these standards."). *Arjangrad* is directly on point here – in that case, the purported expert "read the documents provided to him by [plaintiff's] counsel, had his junior associate perform some legal research, and arrived at his conclusions." *Id.* at *5. That is exactly what Wagner did here – she read the documents provided to her by Plaintiffs' counsel, and only those documents, and had her colleague assist her in drafting her report (which included certain errors, such as the wrong recordkeeping fee charged to the Plan). (Wagner Dep. Tr. at 14:2 – 24, 48:11 – 23).

Plaintiffs also completely ignore Defendants' argument that Wagner purports to provide an "investment overview" in her expert report, even though she unequivocally testified that she has no economic expertise. (Doc. 128-1 at 15). Despite the remarkable lack of foundation for her experience and her opinion, Plaintiffs simply expect the Court to take their word for it that her opinion and methodology are reliable. This is woefully

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

4

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

insufficient to meet the admissibility standard under Rule 702, and Wagner's opinion should be excluded.

### C. Plaintiffs Have Not, And Cannot, Refute That Wagner Failed to Consider Critical Record Evidence Highly Relevant to Her Opinion

Plaintiffs' opposition also fails to show that Wagner's expert report and testimony is based on sufficient facts or data – nor could they, because Wagner's report and testimony brazenly make clear that she failed to review critical record evidence that is directly relevant to her opinion. Plaintiffs claim that an expert is not required to review the entire record, but the volume and critical relevance of the portion of the record evidence that Wagner did not review is substantial, and calls into question the reliability of her report. This is not a case where Plaintiffs' purported expert failed to review **one** relevant piece of evidence, such as in *Lauderdale v. NFP Ret., Inc.*, No. 21-cv-00301, 2022 WL 17324416 (C.D. Cal. Nov. 17, 2022); or where the purported expert reviewed a "substantial portion" of the relevant record evidence, such as in *In re Omnicom Grp. Inc. Erisa Litig.*, No. 20-cv-4141, 2022 WL 18674830 (S.D.N.Y. Dec. 23, 2022). Instead, Wagner admittedly did not review multiple deposition transcripts of Committee members whom she criticized, and numerous communications from those Committee members discussing the same process she also criticizes.

Specifically, Wagner failed to review substantial portions of the record evidence that is directly and critically relevant to the very opinions set forth in her report. Of the five members of the Committee that were deposed, she reviewed the deposition transcripts of **only two**. (*See* Doc. 128-1 at 19). This relevant evidence is not difficult to identify - depositions of individuals serving on the Committee named as a defendant in the case and who performed the very ERISA fiduciary functions under scrutiny in the litigation are some of the most obvious and highly relevant sources of information bearing on the issues in the case. Further, Wagner reviewed **only six out of thousands of email communications** between the Committee members and the service providers

to the Plan that were exchanged outside of the Committee meetings, though she acknowledged emails she did not review would be relevant to her opinion. (*See id.*). In fact, when asked about certain of these email communications she did not review, Wagner admitted she would have liked to review them. (Wagner Dep. Tr. at 220:4 – 22 (admitting she did not ask Plaintiffs' counsel for relevant communications, and admitting she would "love to see" email regarding Committee investigation efforts)). Neither Plaintiffs nor Wagner can reasonably argue that she reviewed a substantial or even significant portion of the relevant record evidence given these omissions. Despite this, Wagner brazenly claims she saw "no evidence" of discussions by Committee members regarding the topics at issue in her report. (*See* Doc. 128-1 at 18 – 23). Courts in this Circuit have excluded experts under similar circumstances. For example, in *In re Incretin-Based Therapies Prod. Liab. Litig.*, 524 F. Supp. 3d 1007 (S.D. Cal. 2021) ("*Incretin I*"), the court excluded multiple experts for their incomplete and selective review of data and information that was directly relevant to their opinions. 524 F. Supp. 3d at 1037 – 1049; *see also In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, (No. II) MDL 2502, 892 F.3d 624, 634 (4th Cir. 2018) ("Courts have consistently excluded expert testimony that 'cherry-picks' relevant data.").

Further, Wagner testified that she did not ask Plaintiffs' counsel for relevant communications when forming her opinion. (Wagner Dep. Tr. at 220:4-10). In light of the direct relevance of the evidence that Wagner did not review, and the fact that the evidence contradicts the factual assumptions undergirding Wagner's opinions, it would have hurt Plaintiffs' claims in this case for Wagner to have reviewed all of the relevant evidence. This is a clear example of inappropriately "spoon-feeding . . . lawyer-orchestrated 'facts' to a hired expert" resulting in a lawyer tailored and specifically desired conclusion that has led to exclusion of expert testimony in other cases. *See, e.g., Therasense, Inc. v. Becton, Dickinson & Co.*, No. 04-02123, 2008 WL 2323856, at *1-2 (N.D. Cal. May 22, 2008); *Geo. M. Martin. Co. v. Alliance Machine Systems Intern., LLC*, No. 07-00692, 2008 WL 2008638, at *1 (N.D. Cal. May 6, 2008) ("Important

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

6

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

factual points should not be proven through experts spoon-fed by wholly biased sources.").

In their Motion, Defendants provided multiple examples of the significance of the evidence that Wagner did not review, which Plaintiffs do not meaningfully respond to. (Doc. 128-1 at 20-22). Those examples alone show that the record evidence left out of Wagner's review demonstrated that: (1) the Committee received constant and multiple fiduciary trainings and updates, though Wagner claimed that they had inadequate guidance in their roles as fiduciaries; (2) the Committee critically considered fund performance and recommendations from the Plan's investment advisor, Captrust, and communicated with Captrust frequently regarding fund performance outside of Committee meetings, though Wagner claimed there was "no record" that the Committee critically evaluated fund performance or Captrust's recommendations; (3) the Committee considered changes in investment strategy at length, though Wagner said there was "no evidence" of this (the evidence was in two of the three deposition transcripts that she did not review); (4) the Committee reviewed multiple aspects of fund performance outside of Captrust's fund performance score, though Wagner said that there was "no evidence" of this; and (5) the Committee considered benchmarking presentations regarding recordkeeping fees and a detailed presentation from Captrust, as evidenced by deposition testimony and emails, though Wagner claimed there was "no evidence" of any such efforts. (*Id.*). As stated above, Wagner's failure to review this evidence overwhelmingly supports the conclusion that her opinions should be excluded. *See supra*, *Incretin I*, 524 F. Supp. 3d at 1037 – 1049 (S.D. Cal. 2021) ("*Incretin I*"); *In re Lipitor*, 892 F.3d at 634.

In sum, Defendants are not arguing that Wagner was required to scour the universe for potentially relevant evidence. Nor are Defendants contending, for this Motion, that Wagner failed to *weigh* relevant evidence. Instead, Defendants argue that Wagner's opinion that the Committee's execution of its fiduciary duties were flawed and inadequate should be excluded because she did not review ***directly relevant record***

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

7

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

*evidence* pertaining to that process – including evidence she testified she would "love to see." (Wagner Dep. Tr. at 220:4 – 22). Her failure to review critical record evidence does not merely render her report and testimony impeachable, it renders her report and testimony wholly unreliable and, therefore, inadmissible.

### D. Wagner's Expert "Opinion" Should Be Excluded as an Improper Attempt to Have an "Expert" Advance Plaintiffs' Version of a Factual Narrative And Subvert The Court's Role as Factfinder by Testifying as to a Legal Conclusion

Plaintiffs fail to refute Defendants' argument that Wagner's report should be excluded to the extent that she purports to provide opinions on the ultimate issues in the case. Wagner offers her own legal opinion that the Defendants acted imprudently or failed to comply with ERISA. (*See* Doc. 128-1 at 26). But, as other Courts have recognized, Wagner should be precluded from opining as to the ultimate legal conclusion in the case. *See Sacerdote v. N.Y. Univ.*, S.D.N.Y. Case No. 1:16-cv-06284-KBF, at [Doc. 270]. (*See* Doc. 128-1 at 25-26). And, to the extent she claims her opinion is based on her experience or some other, uncited, authority, she has failed to provide any substantiation for that opinion, as noted above, which warrants exclusion of those legal opinions. (*See supra* II(B)).

Finally, exclusion of those legal opinions is warranted because of the incomplete record evidence on which her opinions are based. Wagner's report includes pages of biased factual narrative, even though her narrative is admittedly based on an incomplete review of the relevant record evidence. (*See supra* II(C)). Thus, her legal conclusions are both incomplete and inappropriate for expert testimony. Wagner cannot subvert the Court's duties as finder of fact, and certainly should not be allowed to do so when her preparation of her report and opinions were woefully negligent and deficient.

### III. CONCLUSION

For the foregoing reasons, and as discussed in Plaintiffs' initial motion papers, the Court should exclude the expert opinion and testimony of Marcia Wagner

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

and order that she may not testify at trial.

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

9

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

Dated: December 1, 2023

LITTLER MENDELSON, P.C.

/s/ *Darren E. Nadel*
DARREN E. NADEL
Bar No. 154417
BRADLEY J. CROWELL
*(admitted pro hac vice)*
LITTLER MENDELSON, P.C.
dnadel@littler.com
bcrowell@littler.com
1900 16th Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200

WESLEY E. STOCKARD
*(admitted pro hac vice)*
RACHEL P. KAERCHER
*(admitted pro hac vice)*
JAMES FIELDING
*(admitted pro hac vice)*
LITTLER MENDELSON, P.C.
wstockard@littler.com
rkaercher@littler.com
jfielding@littler.com
3424 Peachtree Road, NE, Suite 1200
Atlanta, GA 30326
Telephone: 404.443.3502
Facsimile: 404.393.5353

PAMELA S.C. REYNOLDS
*(admitted pro hac vice)*
LITTLER MENDELSON, P.C.
preynolds@littler.com
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
Telephone: 585.203.3415
Facsimile: 585.486.1706

SARA ZIMMERMAN
Bar No. 300549
LITTLER MENDELSON, P.C.
szimerman@littler.com
18565 Jamboree Road, Suite 800
Irvine, CA 92612
Telephone: 949.705.3076
Facsimile: 949.724.1201

*Attorneys for Defendants*

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO 80202
303.629.6200

10

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER

*Prime Healthcare Services, Inc. and the Prime Healthcare Services, Inc. Benefits Committee*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendants certifies that this brief contains 2,843 words, which complies with the word limit set by the Court's Civil Trial Order as revised September 12, 2023.

Dated: December 1, 2023

By: */s/ Darren E. Nadel*
DARREN E. NADEL
Bar No. 154417
LITTLER MENDELSON, P.C.
dnadel@littler.com
1900 16th Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200

LITTLER MENDELSON, P.C.
1900 Sixteenth Street
Suite 800
Denver, CO  80202
303.629.6200

11

DEFENDANTS' REPLY ISO MOTION TO PRECLUDE WAGNER