RACHEL KAERCHER (*pro hac vice*)
rkaercher@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road, NE, Suite 1200
Atlanta, GA 30326
Tel: 404.443.3509
Fax: 404.233.2361

*Attorneys for Defendants
Prime Healthcare Services, Inc. and the Prime
Healthcare Services, Inc. Benefits Committee*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Prime Healthcare ERISA Litigation* | Case No. 8:20-cv-01529-JLS (JDEx) <br><br> **DECLARATION OF RACHEL P. KAERCHER IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' DAUBERT MOTION TO PRECLUDE THE TESTIMONY OF, AND REPORTS GENERATED BY MARCIA WAGNER** <br><br> Hearing Date: December 15, 2023 <br> Hearing Time:   10:30 a.m. <br> Judge:          Josephine L. Staton |

DECLARATION IN SUPPORT OF DEFENDANTS'
REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' DAUBERT MOTION TO PRECLUDE
THE TESTIMONY OF, AND REPORTS GENERATED
BY MARCIA WAGNER

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

I, Rachel P. Kaercher, hereby declare as follows:

1. I am over the age of 18 and have personal knowledge of each fact stated in this declaration. If called as a witness, I could and would competently and truthfully testify thereto.

2. My firm represents Defendants Prime Healthcare Services, Inc. and the Prime Healthcare Services, Inc. Benefits Committee (collectively "Defendants") in the above-captioned matter.

3. I submit this declaration in support of Defendants' Reply to Plaintiffs' Opposition to Defendants' Daubert Motion to Preclude the Testimony of, and Reports Generated by Marcia Wagner.

4. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the transcript of the Deposition of Marcia Wagner taken on May 5, 2023. The excerpts show true and correct portions of Ms. Wagner's deposition testimony, given under oath and taken by a competent court reporter.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed in Smyrna, Georgia, this 1st day of December, 2023.

_____
Rachel P. Kaercher

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

DECLARATION IN SUPPORT OF DEFENDANTS'
REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' DAUBERT MOTION TO PRECLUDE
THE TESTIMONY OF, AND REPORTS GENERATED
BY MARCIA WAGNER

# EXHIBIT A

```
                                                              Page 1

  1              UNITED STATES DISTRICT COURT

  2         FOR THE CENTRAL DISTRICT OF CALIFORNIA

  3                              Master Case and File No.

  4                              8:20-cv-01529-JLS

  5      --------------------------------x

  6

  7      In Re:  Prime Healthcare ERISA Litigation

  8

  9      --------------------------------x

 10

 11

 12

 13                      CONFIDENTIAL

 14                 VIDEOTAPED DEPOSITION OF

 15                   MARCIA S. WAGNER

 16                 Friday, May 5, 2023

 17                       10:03 a.m.

 18                   Littler Mendelson PC

 19         One International Place, Suite 2700

 20              Boston, Massachusetts 02110

 21

 22

 23              Laurie K. Langer, RPR

 24
```

Marcia S. Wagner                                                May 5, 2023
Prime Healthcare

Page 14

1        A.   I have not.
2        Q.   In preparing for your deposition did anyone at
3    your law firm assist you with that preparation?
4        A.   Yes.
5        Q.   Who's that?
6        A.   Alex Olsen.  He's my partner.  O-L-S-E-N.
7        Q.   Anyone else?
8        A.   I don't believe so.  I might have asked questions
9    of another lawyer in my firm, a man named
10   Jordan Mamorsky, but I'm not sure.
11       Q.   Do you know -- can you recall what questions you
12   might have asked him?
13       A.   No.  I really think the vast majority would have
14   been Alex Olsen.
15       Q.   Okay.  And did Alex Olsen assist you with the
16   preparation of your expert report?
17       A.   Yes, indeed.
18       Q.   Did anyone else assist you -- anyone else at your
19   law firm assist you with the preparation of your expert
20   report?
21       A.   I asked people questions in my firm.  We work
22   very collaboratively.  But I don't think so.  I think it
23   was really primarily me and Alex, if not exclusively.
24   But my billing records would show that.

Marcia S. Wagner  May 5, 2023
Prime Healthcare

Page 48

1   I think that I focus on the class period.  I'm not
2   really very aware of what happened before the class
3   period.
4       Q.  Well, let me ask this.  If the committee was able
5   to obtain a reduction in the fee TransAmerica was
6   charging in 2012, would that have any relevance to what
7   was happening in 2014, if that was still the fee?
8       A.  Well, given the massive amount of acquisition, I
9   would have to say probably not.  But again, it was
10  before the class period so it's not very relevant.
11      Q.  What happened at 2012 -- or the fee that was
12  negotiated in 2012 was the fee at the start of the class
13  period; correct?
14      A.  If that fee was 21 basis points then the answer
15  would be yes.
16      Q.  Okay.  And your Expert Report states that the fee
17  was 23 basis points --
18      A.  It's 23 basis points, yeah.
19      Q.  -- in 2017?
20      A.  Yeah.  I think I can throw Alex Olsen under the
21  bus.  No, I'm joking.  I'm joking.  My fault.  And for
22  this I apologize.  It changes nothing.  Although, let's
23  throw Alex under the bus.  On the record.
24      Q.  I'm fine with that, as well.  Let me --

Marcia S. Wagner   May 5, 2023
Prime Healthcare

Page 220

1    more.
2        A.   It's okay.  I'm caffeinated.  However long you
3    want to go.
4        Q.   Let me go -- let me ask you, did you ask
5    Plaintiffs' counsel for any examples of communications
6    between the committee members and service providers
7    outside of the committee meetings to inform your opinion
8    here?
9        A.   No, I did not.
10       Q.   Do you think if those communications exist they
11   would be relevant to your opinion?
12       A.   Well, if the communication is, "I want a hot dog
13   for lunch," then, no.  If the communication is "my God,
14   these Freedom Funds are a cluster and why are they in
15   the plan," then yes.  It depends on what the
16   communications would be.
17       Q.   What if there were communications, for example,
18   saying, "hey, can we investigate this other fund, it
19   looks like it might have a slightly lower expense ratio
20   and similar investment strategy."
21            Would that be relevant to your opinion?
22       A.   I would love to see it.
23       Q.   Let's take a quick break.  I still have mountain
24   time on my computer so I am in a different universe

CERTIFICATE

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss.

I, Laurie Langer, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, do hereby certify that the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by the witness.

I further certify that I am neither related to or employed by any of the parties in or counsel to this action, nor am I financially interested in the outcome of this action.

In witness whereof, I have hereunto set my hand and seal this 15th day of May, 2023.

NOTARY PUBLIC
Commission Expires
7/27/2023