Darren E. Nadel, Bar No. 154417
dnadel@littler.com
LITTLER MENDELSON P.C.
1900 16th Street
Suite 800
Denver, Colorado 80202
Telephone: 303.362.2800
Fax No.: 800.715.1330

Attorneys for Defendants PRIME HEALTHCARE SERVICES, INC. AND THE PRIME HEALTHCARE SERVICES, INC. BENEFITS COMMITTEE

*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Prime Healthcare ERISA Litigation* | Case No. 20-cv-01529-JLS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]** |

---

[1] Defendants submit this Response pursuant to the Court's order at trial regarding responses to Proposed Findings of Fact and Conclusions of Law. (Doc. # 216 at 1179:21 – 1180:8).

It is not possible to catalogue all misstatements in Plaintiffs' Proposed Findings of Fact and Conclusions of Law in two pages. Accordingly, Defendants categorize and bring the most significant errors to the Court's attention. First, many of Plaintiffs' proposed facts are supported only by citations to their expert's views about the evidence, even though their experts did not observe trial, and their hypotheses are flatly contradicted by trial evidence. (*See, e.g.*, Doc. 223-1 ¶¶ 40, 134, 218, 324[2]). Second, Plaintiffs rely on deposition excerpts read by their counsel at trial that were not inconsistent with witness trial testimony and/or ignore the explanatory testimony after it was read. (*See, e.g., id.* ¶¶ 40, 57, 236, 273). Third, Plaintiffs' cited evidence is often selectively taken out of context, some of the most egregious examples of which are:

| **Proposed Fact(s)** | **Selectively Ignored Evidence** |
|---|---|
| Gissiner agreed that recordkeeping services are a "commodity" (¶¶ 77). | Tr. at 1024:6-9 (expressly disclaiming that recordkeeping services are commoditized). |
| Gissiner did not consider services provided in determining whether the fee was reasonable (¶¶ 465-66). | Tr. at 1056:14-1057:24 (testifying he focused on healthcare plan comparators because they would require similar services). |
| Gissiner testified there was no consideration of services in 2017 benchmark (¶ 149). | Selectively ignores testimony stating "you would certainly assess the level of services that the Plan received." (Tr. at 1089:19-21). |
| Brady "admitted" the Committee did not consider services provided in assessing fees (¶ 162). | Brady testified that there was risk in moving to a new service provider whose quality of services were unknown (Tr. at 336:9-19). |
| Allen omitted Invesco and Prudential from her analysis and impermissibly used hindsight (¶ 474). | Allen testified both funds outperformed peer groups for large portions of the class period, (Tr. at 1155:1-12), and merely acknowledges all performance measures are inherently "backward looking" (*Id.* at 1161:22-24). |
| Allen's testimony demonstrated a lack of understanding of Morningstar peer groups and failed to consider fund outflows (¶¶ 475-76). | Allen testified outflows were not concerning as other products entered the marketplace. (Tr. at 1159:1-8). |

---

[2] *E.g.*, Committee members testified the FIAM Blend change was much more than share class change, contradicting Wagner's testimony otherwise. (*See* Tr. 322:10 – 323:5; 433:2 – 435:18).

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

| | |
|---|---|
| Allen had Plan data through December 2021 and surreptitiously refused to use it (¶ 494). | Allen never testified to having additional data; rather, counsel merely implied it in his question. (*See* Tr. at 1172:11-18). |
| The CAPTRUST scoring system requires actively managed funds to beat an index and does not measure against benchmark indices. (¶¶ 63, 225). | Cited testimony merely describes the goals of actively managed funds (Tr. at 133: 25-136:4, 364:24-25). Scoring system includes a *risk-adjusted* performance measure against benchmark indices (Tr. Ex. 3 at p. 11). |
| Risk adjusted performance and performance compared to peers were not important to the Committee in monitoring the funds (¶ 226). | Cited testimony states the Committee evaluated *both* risk adjusted performance and performance versus peers. (Tr. at 263:16-18). |
| Changes to the Active Suite made its investment strategy more conservative. (¶ 275). | Cited testimony is Committee members' discussion of earlier changes to the Active Suite, which made the funds more moderate. (Tr. at 166:11-20, 455:4-12, 498:17-18). |
| CAPTRUST scoring system "more heavily weights" 5-year period because score ranges from 1 to 10 while 3-year ranges from 4 to 10. (¶¶ 69-70 & p. 125 n. 56). | Cited testimony clearly does not support this proposed fact. Additionally, no witness testified to this alleged weighting. |
| Brady was unfamiliar with IPS requirement to "monitor investment options made available within the Plan to ensure they remain compliant with the criteria used to initially select them" (¶55). | Misquotes IPS, leaving out "or other additional criteria as appropriate"; mischaracterizes Brady testimony asking to see document to refresh recollection; ignores testimony demonstrating familiarity with IPS. (Tr. Ex. 03 p. 6; Tr. at 363:25–370:10). |
| Davis testified RFP responses typically include lower fees than RFI responses. (¶82). | Plaintiffs' counsel interrupted Davis, and ignores subsequent testimony that bidder's best interest is to submit as low as possible a bid in response to an RFI. (Tr. at 876:15-25). |
| EBA assets used to pay fees to be paid by Prime (¶186). | Cited testimony says EBA assets used to pay fees incurred when Prime *had not* agreed to pay fee. (Tr. at 194:25-195:3). |

As these types of misstatements and misrepresentations of the evidence abound in Plaintiffs' submission, the Court should carefully assess Plaintiffs' cited evidence before crediting any of their proposed findings of fact or conclusions of law.

Dated: June 10, 2024

*Darren E. Nadel*
DARREN E. NADEL
Bar No. 154417
BRADLEY J. CROWELL
(admitted pro hac vice)
LITTLER MENDELSON, P.C.
dnadel@littler.com
bcrowell@littler.com
1900 16th Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629-0200

WESLEY E. STOCKARD
(admitted *pro hac vice*)
RACHEL P. KAERCHER
(admitted pro hac vice)
JAMES S. FIELDING
(admitted pro hac vice)
LITTLER MENDELSON, P.C.
wstockard@littler.com
rkaercher@littler.com
jfielding@littler.com
LITTLER MENDELSON, P.C.
wstockard@littler.com
3424 Peachtree Road, NE, Suite 1200
Atlanta, GA 30326
Telephone: 404.443.3502
Facsimile:  404.393.5353

PAMELA S.C. REYNOLDS
(admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
preynolds@littler.com
375 Woodcliff Drive, Suite 2D
Fairport, NY  14450
Telephone: 585.203.3415
Facsimile:  585.486.1706

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4

SARA ZIMMERMAN
Bar No. 300549
LITTLER MENDELSON, P.C.
szimmerman@littler.com
18565 Jamboree Road, Suite 800
Irvine, CA 92612
Telephone: 949.705.3076

Attorneys for Defendants
PRIME HEALTHCARE SERVICES, INC. AND THE PRIME HEALTHCARE SERVICES, INC. BENEFITS COMMITTEE